### FRANK PAGE v. THE STATE.

No. 19720.  Delivered May 11, 1938.
Rehearing denied June 15, 1938.

The opinion states the case.

*Snell & Snell,* and *B. L. Palmer,* all of Houston, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The offense is the failure to stop and render aid after an automobile collision; penalty assessed at confinement in the penitentiary for two years.

The appellant's motion for new trial was overruled and notice of appeal given on November 13, 1937. The statement of facts accompanying the record was not filed in the trial court until February 16, 1938, which was 95 days after the date of notice of appeal. No reason is given for the failure to file the statement of facts within the 90 days prescribed by law. Therefore the statement of facts can not be considered by this Court.

Counsel for appellant earnestly insist that this Court should consider their bills of exception even though the statement of facts was not filed in time to authorize its consideration. The rule is well settled by many decisions that in the absence of the evidence adduced upon the trial, this Court is unable to appraise the merits of the bills of exception found in the transcript. See Vernon's Ann. Texas C. C. P., Vol. 3, p. 98, Sec. 17; also 1937 Pocket Part, p. 36, note 17.

Nothing having been perceived in the record which would authorize a reversal of the conviction, the judgment of the trial court is affirmed.

### ON MOTION FOR REHEARING.

GRAVES, JUDGE.—Appellant contends in his motion that his bill of exceptions No. 1 can be appraised from the bill itself, in the absence of a statement of facts, and he insists that there is error therein shown sufficient to reverse this cause. The bill complains of the trial court allowing the injured party to come down in front of the jury and to exhibit the wounds on her face that were claimed to have been caused in the collision, wherefrom this indictment arose.

We are still of the opinion that we are unable to appraise this bill in the absence of a statement of facts. So many situations may arise in the facts, of which we would not be apprised

in the absence of such statement, that we can not say that the exhibition of such wounds was harmful to appellant. In fact we are unable to see how the wounds could have been concealed from the jury, located, as they were, on the lady's face, and we see no serious error in allowing the jury a closer view of the witness and her wounds, which were alleged to be the result of the collision, and from which the appellant was alleged to have departed without rendering aid to her.

The bill states, among other things, that such exhibition was objected to in "that the proof of such injuries was not necessary to establish the State's case," and the exhibition thereof was calculated to inflame the minds of the jury and create a prejudice against the defendant. We have no way of knowing whether such wounds and their exhibition was not necessary to establish the State's case, without a statement of facts. The collision might have been denied, or the injuries might have been said not to have occurred, or many other contingencies might have arisen in such trial, of which we are not informed.

The motion will be overruled.